**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| OSWELL MCGHEE | : | NO. 07-733 |

**Baylson, J.**                                                               **October 17, 2011**

## I.      Introduction

In a five-count Second Superseding Indictment, Defendant Oswell McGhee

("Defendant") is charged with possession with intent to distribute controlled substances (Counts

One, Two and Three), possession of firearms in furtherance of drug trafficking (Count Four), and

possession of a firearm by a convicted felon (Count Five). ECF No. 51. Defendant has moved to

dismiss the Second Superseding Indictment,[1] or, in the alternative, to preclude reference to

evidence recorded on Property Receipt No. 2721497. ECF No. 38. The Court held a hearing on

this and other pre-trial motions on October 14, 2011. ECF No. 60. For the reasons discussed

below, Defendant's Motion to Dismiss the Second Superseding Indictment will be DENIED.

## II.     Factual Background and the Parties' Contentions

The following alleged facts form the basis of Defendant's Motion. A shooting victim

identified Defendant as the person who shot him.[2] Def. Br. at 1. Philadelphia Police consequently

went to 2525 N. 8th Street to execute a warrant for Defendant's arrest and a warrant for search

---

[1]Defendant originally moved to dismiss the Superseding Indictment, but at a hearing held
before the Court on October 14, 2011 orally amended his Motion to reference the Second
Superseding Indictment. ECF No. 60.

[2] Defendant was later cleared of this accusation.

and seizure. Id. Defendant was not present when they arrived. Id. at 1-2. Defendant's parents

stated that the bedroom in the rear belonged to Defendant. Id. at 2. The police recovered from the

room firearms, drugs, cash, and a variety of items which they recorded on Property Receipt No.

2721497. Id. The items on the Property Receipt included zip lock bags, a scale, a money counter,

and mail addressed to Oswell McGhee. Id. Defendant was later arrested outside the 8th Street

residence. Id. The case was federally adopted. See Def. Ex. B.

In preparing Defendant's defense, counsel for Defendant requested discovery, including

"copies of any mail, or paperwork recovered from 2525 N. 8th Street, regardless of the

addressee." Def. Ex. A. The Government responded that this evidence was no longer available

because the Philadelphia Police Department, seemingly unaware that the reason the case was no

longer active in the Commonwealth was because it had been federally adopted, destroyed the

evidence. Def. Ex. B. This was part of the Philadelphia Police Department's regular practice to

destroy evidence when a case was disposed of by the courts or the one-year period for

investigation had ended. Government Ex. at 1-5. At the October 14, 2011 hearing, defense

counsel stated that she agreed the evidence was destroyed inadvertently. ECF No. 60.

Defendant correctly notes that because all five counts charged involve possession, and

because Defendant was arrested outside the residence in question, the Government will have to

establish constructive possession to sustain convictions. See Def. Br. at 2-3. Defendant argues

that the mail and other evidence purportedly connecting him to the 8th Street residence therefore

had exculpatory value, and its destruction violated his due process rights. Id. at 3-9.

## III.   Legal Standard and Analysis

The United States Supreme Court decisions in California v. Trombetta, 467 U.S. 479

(1984) and <u>Arizona v. Youngblood</u>, 488 U.S. 51 (1988) set forth the standard for determining

whether the government's failure to preserve evidence violates a criminal defendant's due

process rights under the Fourteenth Amendment. <u>Lambert v. Blackwell</u>, 387 F.3d 210, 267 (3d

Cir. 2004). <u>Youngblood</u> established that "unless a criminal defendant can show bad faith on the

part of the police, failure to preserve potentially useful evidence does not constitute a denial of

due process of law." 488 U.S. at 58; <u>see</u> <u>also</u> <u>Lambert</u>, 387 F.3d at 267.

 Here, Defendant admits that the Philadelphia Police Department destroyed the evidence

inadvertently. ECF No. 60. This Court is not aware of any case, nor could counsel for Defendant

point to one, where a court dismissed an indictment due to an inadvertent destruction of

evidence. <u>See</u> <u>id.</u> The Court is also unpersuaded by Defendant's argument that although the

evidence destruction was inadvertent it nonetheless rose to the level of bad faith because it

constituted such a gross violation of the government's duty to preserve evidence. <u>See</u> <u>id.</u>  Even if

the destruction of evidence was negligent, that does not violate due process. <u>United States v.</u>

<u>Seibart</u>, 148 F. Supp. 2d 559 (E.D. Pa. 2001) (<u>citing</u> <u>Youngblood</u>, 488 U.S. at 58 and <u>United</u>

<u>States v. Deaner</u>, 1 F.3d 192, 201 (3d Cir. 1993)). Moreover, other evidence in this case,

including the seized drugs, firearms, ammunition, and receipt for currency, is still available for

inspection by Defendant and use at trial by both parties.

**VI.** **Conclusion**

 For the foregoing reasons, Defendant's Motion to Dismiss the Second Superseding

Indictment is hereby DENIED. The Court will reserve judgment until trial on Defendant's

Motion in the Alternative. An appropriate order follows.

O:\Criminal Cases\07-733 US v. McGhee\MEMO McGhee 07-733.wpd