**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | | NO. 07-733 |
| v. | : | |
| | | CIVIL ACTION |
| OSWELL MCGHEE | : | NO. 13-6263 |

Baylson, J.                                                                                                                June   , 2014

<u>**MEMORANDUM**</u>

Petitioner has filed a motion under 28 U.S.C. § 2255 and the government has responded.

**A.      Background**

On November 27, 2007, McGhee was charged by indictment with one count of possession of five grams or more of cocaine base ("crack"), one count of possession of cocaine with intent to distribute, and one count of possession of marijuana with intent to distribute, all in violation of 21 U.S.C. § 841(a)(1) (Counts 1, 2, and 3); one count of possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 4); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 5).  The charges arose from a search of McGhee's residence on July 3, 2007, during which the authorities seized from McGhee's padlocked bedroom approximately 58 grams of crack cocaine, 125 grams of powder cocaine, and 450 grams of marijuana, along with a loaded 357 magnum revolver and a loaded 9 mm handgun, $12,000 in cash, two digital scales, and various drug packaging materials.  PSR ¶ 12.

The Section 924(c) count charged that McGhee possessed the firearms in furtherance of all three drug offenses.  The government subsequently filed a notice of prior conviction pursuant

to 21 U.S.C. § 851, which increased the mandatory minimum penalty for the crack offense from 5 years to 10 years.  PSR ¶¶ 73, 74.

McGhee was a fugitive until March 2010.  McGhee then proceeded to trial, and on October 26, 2011, was found guilty of all charges.  On April 11, 2012, after denial of post-trial motions, the district court imposed a total sentence of 180 months' imprisonment:  120 months on Counts One, Two, Three, and Five, followed by a 60-month consecutive term of imprisonment on Count Four.  McGhee appealed his conviction, at No. 12-2031.  On June 28, 2013, the Third Circuit affirmed the district court's judgment.  McGhee filed the Section 2255 motion on October 25, 2013, and then refiled the motion on January 2, 2014 using the correct form.

### B.     Petitioner's Contentions

Although the original petition is rather verbose and not altogether precise, petitioner's reply brief clarifies the four claims which he makes as follows:

1.     He received ineffective assistance of counsel during the critical stages of pre-trial when defense counsel failed to file a timely pre-trial motion seeking dismissal of Count 4 of the indictment because it was duplicitous, because it "improper[ly] join[ed].. [pg. 3] separate [drug] offenses in a single count,"

2.     He received ineffective assistance of counsel during the critical stages of trial, when defense counsel failed to timely object to the jury instructions by failing to request that the Court instruct the jury it must have unanimity on which predicate drug offense or offenses supported by the § 924(c) offense.

3.     He received ineffective assistance during the critical stages of sentencing, when defense counsel failed to object to the PSR computation and recommendation of consecutive

sentences imposed for the § 924(c) offense of conviction.

4.      He received ineffective assistance of counsel during the critical stages of direct appellate review, when counsel failed to raise the issue(s) of the jury instruction error and/or the erroneous PSR guideline computation for the drug counts and § 924(c) conviction calculations, as expressed in Grounds Two and Three of movant's § 2255.

### C.      Discussion

Under *Strickland v. Washington*, a petitioner asserting ineffective assistance of counsel presents two issues:  (1) whether counsel is ineffective; and (2) and petitioner was prejudiced. The latter standard can be satisfied by the government showing that despite ineffective assistance of counsel, the result would not have been any different if a petitioner had competent  counsel.

The Court will reject petitioner's claims because there is no prejudice.

Under *United States v. Edmonds*, 80 F.3d 810, 825 (3d Cir. 1996) (en banc), the Court found the failure to require the jury to unanimously find which predicate acts related to the firearm count was harmless error because the jury convicted on all predicate counts and the facts necessarily found by the jury to convict on the predicate offenses showed conclusively that all of the predicate offenses are related to each other.

Because petitioner McGhee, in this case, was convicted of all three of the predicate drug offenses and the Section 924(c) offense, the jury necessarily found that McGhee possessed the firearms in furtherance of at least one of these offenses, and, therefore, the jury instruction was necessarily harmless.  *See United States v. Gomez*, 580 F.3d 94 2d Cir. 2009.  Petitioner is also wrong that he was prejudiced by the lack of jury findings concerning the applicable predicate offense.  The presentence report prepared by the Probation Office determined that Counts I through III were grouped and that based on the quantity of drugs, the base offense level on these

3

Counts was 26.  This resulted in a guideline range, in Criminal History Category II, of 70 to 87 months.  However, the minimum guideline range became a mandatory120 months because of the mandatory minimum sentence for the crack offense.  The sentence of 180 months resulted because of the additional statutory mandatory and consecutive 60 month sentence for the 924(c) offense.  The Court imposed the minimum mandatory sentence and no more.

The Court also rejects petitioner's other contentions that he was prejudiced by jury instruction and by the refusal to dismiss the indictment as both of these grounds are without any merit.  Thus, petitioner cannot show any prejudice from any act or omission by his counsel.

The Court notes in passing that, although it is not necessary to decide petitioner's claims under the first prong of *Strickland*, his counsel was very well prepared, and did their best to represent him but the government's evidence was overwhelming.

An appropriate Order follows.

O:\Criminal Cases\07-733 US v. McGhee\07cr733.memo.2255.doc

4